Case 4:19-cv-03856   Document 75   Filed on 06/26/24 in TXSD   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
June 26, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HAROLD DAVIS, TDCJ # 01838671, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:19-3856 |
| CAPT. T. LEE, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Harold Davis, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), claims that prison officials were deliberately indifferent to the risk posed to him by malfunctioning equipment on his work site in a prison laundry facility, which caused him injury. The Court previously denied summary judgment regarding exhaustion of administrative remedies, among other issues (Dkt. 41). The defendants have filed a second motion for summary judgment regarding exhaustion (Dkt. 67) and a motion for an extension of time (Dkt. 63). Davis responded and requests that the Court strike the second summary judgment motion or, in the alternative, deny summary judgment (Dkt. 68). The defendants did not respond to the motion to strike. The motions are ripe for decision.

After reviewing the pleadings, the motion, the briefing and evidence submitted, the applicable law, and all matters of record, the Court concludes that the motion for an

extension of time should be **denied** and the motion to strike should be **granted**. In the alternative, summary judgment should be **denied**.

I.   BACKGROUND

As set out in more detail the Court's prior opinion denying summary judgment (Dkt. 41, at 1-4), Davis' claims in this lawsuit pertain to an accident on November 16, 2017, when he was working his assigned job in the laundry facility of the Estelle Unit. On that day, the lid of the malfunctioning steam presser crashed down on Davis' head, causing significant injuries that required emergency and ongoing medical treatment, including two surgeries in 2019. He sues four defendants at the Estelle Unit: Captain Thomas Lee, laundry captain; Officer Sanitra Adair, laundry supervisor; Officer Patricia Justice, laundry supervisor; and Officer Alma Carter, laundry supervisor. Davis claims that he had reported the malfunctioning equipment before the accident but that the defendants refused to act and told him he would receive a disciplinary case if he did not perform his work duties.

In June 2022, the defendants filed a summary judgment motion based on administrative exhaustion and qualified immunity. On January 23, 2023, the Court denied the motion and granted Davis' request for appointed counsel (Dkt. 41). On March 31, 2023, *pro bono* counsel appeared on Davis' behalf (Dkt. 47). The Court then held a status conference on May 10, 2023 (Dkt. 51) and entered a docket control order (Dkt. 52), along with a scheduling order specific to the exhaustion issue (Dkt. 54). The scheduling orders have been amended twice (Dkt. 61; Dkt. 72). The Court permitted the defendants to file another motion on exhaustion grounds, which was due on or before March 1, 2024 (Dkt.

54; Dkt. 61).

On the March 1 deadline, the defendants filed a motion for an extension until March 15, 2024, stating that they had requested and were waiting for an affidavit supporting their motion (Dkt. 63). Davis opposes the extension, arguing that that the defendants had conducted no discovery in the 10-month period since the first docket control order was entered; that the defendants suggested no new basis for their second summary judgment motion on the exhaustion issue; that the motion would be futile based on Davis' declaration attesting to relevant facts, which they already had produced to the defendants; and that the extension would burden the plaintiff (Dkt. 65; *see* Dkt. 65-2 (Davis' declaration dated Jan. 31, 2024)).

On March 15, 2024, the defendants filed their second summary judgment motion (Dkt. 67). Davis then filed a motion to strike under Federal Rule of Civil Procedure 16(b)(4) or, in the alternative, to deny summary judgment (Dkt. 68). Davis argues that the defendants have not shown good cause for the modification of the scheduling order and that the second motion for summary judgment is futile. The defendants did not respond to the motion to strike.

The defendants' second motion relies on arguments regarding exhaustion that are identical or substantially similar to those in their previous motion. They present an affidavit from Jessica Riley, a manager at the Inmate Grievance Department, dated March 13, 2024 (Dkt. 67-5). They also present three exhibits that are identical to those presented with their previous motion: grievance records for Davis from August 1, 2017, through

February 26, 2022 (Dkt. 67-2; *see* Dkt. 35-1); an affidavit executed by Jessica Riley in June 2022 (Dkt. 67-3; *see* Dkt. 35-2); and Lieutenant Goodall's payroll records (Dkt. 67-4; *see* Dkt. 35-3).

Riley's 2024 affidavit, like her 2022 affidavit, explains TDCJ's grievance system, including practices for collecting grievances, inmates' access to the grievance system, confidentiality, and filing deadlines (Dkt. 67-5, at 2). Based on her general statements regarding TDCJ practices, the defendants assert that "there are no 'unprocessed' grievances" because "if grievance forms are placed in the grievance drop box they are processed and provided with a response" (Dkt. 67, at 8). Riley's 2024 affidavit further states: "The Inmate Grievance Department has determined that no grievance forms were filed by Harold Lee Davis, TDCJ #1838671 during the time from September 1, 2017, through February 1, 2018" (Dkt. 67-5, at 3). She provides no information explaining or supporting her conclusion and does not state whether she or other TDCJ personnel investigated the issue.

Davis argues, as he did in his previous, *pro se* motion for summary judgment, that officials interfered with and refused to process his grievances regarding the accident. He submits a declaration stating, under penalty of perjury, that he filed a grievance in November 2017, within a week of the accident, by leaving it in the designated grievance box at the entrance to his cell block (Dkt. 68-1, at 3, ¶ 12). The grievance complained of Adair, Justice, Lee, Carter, and Goodall. When he did not receive a response to his Step One grievance within 30 days, he submitted an inquiry to the grievance coordinator by

filing an "I-60" request (*id.* at 4, ¶¶ 13-14). On approximately January 15, 2018, after receiving no response to his previous grievance or his I-60 request, Davis submitted a second Step One grievance against the same five officials. As before, he placed the grievance in the designated box at the entrance to his cell block (*id.*, ¶ 15).[1]

Davis further claims that, within a week after he filed the second grievance, "another inmate, who worked in front office of the prison, told me that Lt. Goodall instructed him to warn me that I better stop filing grievances with Lt. Goodall's name on them, or I would receive a substantial disciplinary case" (*id.*, ¶ 16). He explains that, in his time in TDCJ, he has observed guards "passing messages to prisoners through other prisoners, particularly when they are required not to retaliate under the grievance process" (*id.*, ¶ 17). After receiving the message, Davis believed that filing a third Step One grievance would result in retaliation from Goodall (*id.*, ¶ 19). Additionally, without a response to his Step One grievance, he could not file a Step Two grievance to fully exhaust his remedies (*id.* at 5, ¶ 21). He thus argues that the administrative grievance system was unavailable to him to investigate or redress the 2017 accident.

## II    <u>LEGAL STANDARDS</u>

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and

---

[1] Davis states that he kept a copy of the January 2018 grievance with his legal papers (*id.*). However, on an unspecified date, while he was being treated at John Sealy Hospital, his legal papers and other property "went missing" (*id.* at 5, ¶ 20). He states that he filed another grievance to report the property loss (*id.*). The Court's previous opinion recited similar allegations from Davis (Dkt. 41, at 4 n.3 (citing Dkt. 40)).

the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Id*. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id*. The nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (cleaned up).

In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (cleaned up). A plaintiff's statements may be sufficient to demonstrate a genuine issue of material fact. *See Bourne v. Gunnels*, 921 F.3d 484, 492-93 (5th Cir. 2019). However, the non-movant cannot avoid summary judgment simply by presenting "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Jones v. Lowndes Cnty.*, 678 F.3d 344, 348 (5th Cir. 2012) (cleaned up); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Likewise, Rule 56 does not impose upon the Court a duty to sift through the record in search of evidence to support a party's opposition to summary

judgment. Evidence not referred to in the response to the motion for summary judgment is not properly before the court, even if it exists in the summary judgment record. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

## III. DISCUSSION

### A. Motion to Strike

Davis moves the Court to strike the defendants' motion for summary judgment under Rule 16(b)(4) because the motion was filed two weeks after the deadline, arguing that the defendants have not shown good cause for the untimely filing. Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Courts consider four factors when evaluating good cause: (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice. *Springboards to Educ., Inc. v. Houston Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019), *as revised* (Jan. 29, 2019), *as revised* (Feb. 14, 2019).

Here, the defendants' deadline for a second dispositive motion on the exhaustion issue was March 1, 2024 (Dkt. 61). On the deadline, the defendants filed a motion for an extension until March 15, 2024, stating that, "after reviewing the records, [the defendants] have determined that an affidavit will be necessary to properly address Plaintiff's claims regarding the grievances he allegedly filed" (Dkt. 63, at 1). They further stated that they had requested the affidavit but were "waiting to receive it" (*id.*). They represented that the

7 / 14

two-week extension was requested "in good faith to ensure judicial efficiency and to allow Defendants adequate time to obtain the necessary affidavit and present their motion for summary judgment in a coherent and concise manner" (*id.* at 2; *see id.* at 2 n.1 ("Alternatively, Defendants will file a Motion for Leave to File their Motion for Summary Judgment based on exhaustion of administrative remedies")). The defendants then filed their summary judgment motion on March 15, 2024, accompanied by Riley's second affidavit, dated March 13, 2024 (Dkt. 67). As noted above, Riley's 2024 affidavit is largely repetitive of her first affidavit, but adds a sentence stating, without explanation, "The Inmate Grievance Department has determined that no grievance forms were filed by Harold Lee Davis, TDCJ #1838671 during the time from September 1, 2017, through February 1, 2018" (Dkt. 67-5, at 3).

Davis argues that neither the defendants' motion for an extension of time nor their second summary judgment motion demonstrates good cause to modify the scheduling order. Regarding the first factor, he maintains that the defendants' explanation is inadequate because a litigation schedule was entered in May 2023, when the case was reopened, leaving adequate time for the defendants to procure a second Riley affidavit before the March 1 deadline (Dkt. 68, at 11-12; *see* Dkt. 65, at 1 ((""[o]ver the last ten months, Defendants have not conducted any discovery")). He further argues that the defendants' requested modification to the scheduling order is not important because Riley's 2024 affidavit and the defendants' second summary judgment motion are largely repetitive of their previous filings and are futile (Dkt. 68, at 9-11). Davis' arguments strongly support

the absence of good cause.

The defendants, who bear the burden of proof to show good cause, did not respond to the motion to strike. Because neither their pre-deadline motion to extend or their post-deadline motion for summary judgment demonstrates good cause for their late filing, they fail to meet their burden. *See Springboards*, 912 F.3d at 819 (Springboards "did not meet its burden to show good cause" because it "failed to elaborate on its need for the missing evidence in either its pre-deadline motion to extend or its post-deadline motion to amend"); *Argo v. Woods*, 399 F. App'x 1, 3 (5th Cir. 2010) (affirming denial of motion under Rule 12(c) as untimely). Therefore, the motion to strike will be granted, and the defendants' motion to extend will be denied.

In any event, and in the alternative, defendants' second summary judgment motion must fail for the reasons explained below.

### B. Exhaustion of Administrative Remedies

As in their first summary judgment motion, the defendants argue that Davis' claims should be dismissed because he failed to fully exhaust his administrative remedies. Under the PLRA, inmates bringing an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust all administrative remedies "as are available." 42 U.S.C. § 1997e(a). *See Ross v. Blake*, 578 U.S. 632 (2016); *Jones v. Bock*, 549 U.S. 199 (2007). A prisoner must exhaust before filing a federal complaint, and "[i]t is irrelevant whether exhaustion is achieved during the federal proceeding." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). "Requiring exhaustion allows prison officials an opportunity to resolve disputes

concerning the exercise of their responsibilities before being haled into court." *Jones*, 549 U.S. at 204. The TDCJ has a two-step formal grievance process, and an inmate must pursue a grievance through both steps for the claim to be considered exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

The exhaustion requirement is mandatory and strictly enforced. *Moussazadeh v. Texas Dep't of Criminal Justice*, 703 F.3d 781, 789-90 (5th Cir. 2012), *as corrected* (Feb. 20, 2013); *Dillon*, 596 F.3d at 268. The PLRA does not allow a district court to make a "special circumstances" exception to the exhaustion provision to permit prisoners "to pursue litigation even when they have failed to exhaust available administrative remedies." *Ross*, 578 U.S. at 635; *see Gonzalez*, 702 F.3d at 788 ("District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint"). Rather, the only exception is "that statute's built-in exception to the exhaustion requirement: A prisoner need not exhaust remedies if they are not 'available.'" *Ross*, 578 U.S. at 635-36.

As the Fifth Circuit has explained, *Ross* set out several instances in which administrative remedies may be deemed "unavailable":

> An administrative remedy may be unavailable if (1) despite what regulations or materials may promise, prison officials are "unable or consistently unwilling to provide any relief to aggrieved inmates," (2) "an administrative scheme [is] so opaque that it becomes, practically speaking, incapable of use" by an ordinary prisoner, or (3) prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."

*Brantner v. Freestone Cty. Sheriffs Office*, 776 F. App'x 829, 833 (5th Cir. 2019) (quoting

*Ross*, 578 U.S. at 643-44); *see Davis v. Fernandez*, 798 F.3d 290, 295 (5th Cir. 2015) (stating that grievance procedures are "unavailable" to an inmate if the correctional facility's staff misleads an inmate "so as to cause the inmate to fail to exhaust such process"). However, an inmate's "ignorance of the grievance procedures, without more, is no basis to deem them unavailable." *Id.*

In this case, the defendants submit the same set of grievance records that they submitted with their previous summary judgment motion. *See* Dkt. 67-2 (Davis' grievance records from Aug. 1, 2017, through Feb. 26, 2022); Dkt. 35-1 (same). As in their previous motion, they cite to this exhibit generally to demonstrate "that Davis did not file any grievance related to Defendants['] alleged deliberate indifference in November of 2017" (Dkt. 67, at 7). The Court previously held that "the defendants' presentation of a set of grievances, and the fact that the grievance records do not include the unprocessed grievances to which Davis refers" did not warrant summary judgment "[i]n light of Davis' statements about his unprocessed grievances, which are specific and based on his personal knowledge" (Dkt. 41, at 11) (citing *Ross*, 578 U.S. at 644 (an administrative grievance procedure is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation"); *Prescott v. Plybol*, 855 F. App'x 952 (5th Cir. 2021) (reversing dismissal on exhaustion grounds); *Brantner*, 776 F. App'x at 833-34 (same); *Mobley v. Vine*, No. 21-40814, 2022 WL 4395711 (5th Cir. Sept. 23, 2022) (same); *Jones v. Givens*, No. 19-50465, 2021 WL 3889295 (5th Cir. Aug. 30, 2021) (same)). As before, the defendants' general

citation to grievance records is insufficient for summary judgment.

The defendants' second motion also notes the Court's previous observation that the defendants had not stated whether TDCJ officials searched for unprocessed grievances filed by Davis or investigated the issue. *See* Dkt. 41, at 10. Apparently in response, the defendants cite to Riley's statement in her 2024 affidavit that the grievance department "has determined that no grievance forms were filed by Harold Lee Davis, TDCJ #1838671" during the relevant period (Dkt. 67, at 7-8 (citing Dkt. 67-5, at 3);[2] *see id.* at 8 (asserting that "there are no 'unprocessed grievances like Davis' claims" because, "if grievance forms are placed in the grievance drop box they are processed and provided with a response"). Based on this statement, the defendants urge the Court to conclude, as a matter of law, that Davis did not timely submit a grievance regarding the November 2017 accident. In light of Davis' specific statements, based on his personal knowledge, that he filed a grievance in November 2017, followed by an I-60 request and a second grievance in January 2018, Riley's affidavit is insufficient to support summary judgment on the exhaustion issue. *See Bourne*, 921 F.3d at 492-93 (a plaintiff's statements may be sufficient to demonstrate a genuine issue of material fact); *Dillon*, 596 F.3d at 266 (in deciding a summary judgment motion, the reviewing court must construe all facts and inferences in the light most favorable to the nonmoving party).

---

[2] The defendants' briefing states that Riley's affidavit shows that, "***after investigation*** into Davis' grievance records," officials had determined that Davis did not file grievances during the relevant period (Dkt. 67, at 8) (emphasis added). Riley's affidavit does not state that officials investigated the matter (Dkt. 67-5).

Finally, as in their previous motion, the defendants argue that Davis' allegations that Lieutenant Goodall threatened him with retaliation are insufficient to defeat summary judgment. *See* Dkt. 67, at 8-11 (arguing that Davis did not actually fear retaliation from Goodall because Davis grieved other incidents; that lieutenants do not have general access to grievances; that "[i]t is fair to assume" that Davis would have never mentioned Goodall in any grievance "because he fails to mention Lieutenant Goodall anywhere in his complaint, outside of the alleged threats"; and that because grievances are confidential, "there is no way that Lieutenant Goodall would have known about the grievance prior to a record of the filed grievance being created"). As in the prior opinion, given the determination above that summary judgment must be denied based on Davis' statements that officials failed to process his grievances, the Court need not address this issue.

The defendants bear the burden of proof on exhaustion. *Dillon*, 596 F.3d at 266. They also bear the burden under Rule 56 to demonstrate the absence of a genuine issue of material fact regarding exhaustion. Because the defendants again have not met their burden, summary judgment on exhaustion grounds is denied.

The Court will hold an evidentiary hearing to resolve disputed facts regarding exhaustion. If the Court determines that Davis' failure to exhaust his remedies should be excused, the case will proceed to the merits. *See id.* at 273.

## IV.    CONCLUSION

For the reasons stated above the Court now **ORDERS** as follows:

1. The defendants' motion for an extension of time (Dkt. 63) is **DENIED**.

2. The plaintiff's motion to strike (Dkt. 68) is **GRANTED**.

3. In the alternative, the defendants' motion for summary judgment (Dkt. 67) is **DENIED**.

4. The plaintiff's request for an evidentiary hearing on the exhaustion issue is **GRANTED**. The Court will hold the hearing on **Thursday, August 8, 2024, at 10:00 a.m., in Courtroom 9C**.

5. All litigation deadlines are **STAYED** until after the evidentiary hearing.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on _____June 26_____, 2024.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE